

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00296-CR

Vincent Trevino **GOMEZ** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR12346
Honorable Jennifer Pena, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: December 28, 2022

AFFIRMED

Appellant Vincent Trevino Gomez Jr. appeals his conviction for possession with intent to deliver a controlled substance, namely methamphetamine, of more than four grams and less than 200 grams. On appeal, Gomez argues the evidence is insufficient to establish affirmative links between him and the contraband found in a vehicle. We affirm the trial court's judgment.

## BACKGROUND

While patrolling one night, San Antonio Police Department Officers Zachary Rodriguez and Reynaldo Sanchez initiated a traffic stop after observing a vehicle improperly make a wide

right turn without signaling. When the officers approached the vehicle, Officer Sanchez saw a handgun tucked between the driver's seat and center console. The officers ordered the driver, Gomez, to exit the vehicle and arrested him for unlawfully carrying a weapon. Officer Rodriguez then conducted an inventory search and found a backpack in the front passenger seat. The officer searched the backpack and found the following items: a baggie of methamphetamine, an assortment of pills in different baggies, a methamphetamine pipe, a digital scale, and a ledger. Gomez told the officers he had borrowed the vehicle from Jeff Rodriguez, and he denied knowledge of the handgun and items in the backpack. The officers arrested Gomez for possession of methamphetamine with intent to deliver, and a jury found him guilty. The trial court assessed punishment at ten years in the Texas Department of Criminal Justice-Institutional Division pursuant to the parties' agreement. Gomez now appeals.

ANALYSIS

### Standard of Review

When reviewing the sufficiency of the evidence, we consider the combined and cumulative force of all the admitted evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). Under this standard, the jury is the sole judge of the weight and credibility given to the evidence, and we must give deference to the reasonable inferences drawn by the jury. *See id.*; *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). These inferences cannot be based on speculation. *Tate*, 500 S.W.3d at 413 (citing *Hooper v. State*, 214 S.W.3d 9, 17 (Tex. Crim. App. 2007)). "When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict." *Id.*

***Applicable Law***

A conviction for unlawful possession of a controlled substance requires the State to prove: (1) the accused exercised control, management, or care over the substance and (2) the accused knew the matter possessed was contraband. *Id*.; *see* TEX. HEALTH & SAFETY CODE § 481.115(a) (providing person commits offense of possession of controlled substance by knowingly or intentionally possessing controlled substance); *see also id.* at § 481.002(38) (defining possession to mean "actual care, custody, control, or management"). "A defendant's mere presence is insufficient to establish possession." *Tate*, 500 S.W.3d at 413. Direct or circumstantial evidence must establish the defendant's connection with the contraband was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). When the accused is not in exclusive possession of the place where the contraband was found, a jury may infer the defendant intentionally or knowingly possessed the contraband if sufficient independent facts and circumstances exist to justify such an inference. *See Tate*, 500 S.W.3d at 413–14 (citing *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005)).

To help guide our analysis, we consider a non-exclusive list of fourteen factors, known as "affirmative links," provided by the Texas Court of Criminal Appeals. *Id*. at 414. These factors may, either singly or cumulatively, establish a person's possession of contraband. They include:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* (quoting *Evans v. State*, 202 S.W.3d at 162 n.12). The number of links is not dispositive; rather, we must consider whether the logical force of the circumstantial evidence supports the jury's verdict. *Evans*, 202 S.W.3d at 162. Finally, the absence of some links does not undermine the links present in the case. *See id.*

### *Application*

Here, the State produced testimony from the officers to establish Gomez's possession of the contraband. According to Officer Rodriguez, when he and Officer Sanchez approached the vehicle, Officer Sanchez told him he saw a handgun in plain view. Officer Rodriguez testified he opened the driver's side door, advised Gomez not to reach for the gun, and instructed Gomez to exit the vehicle. He testified Gomez was cooperative, appeared "[j]ust real relaxed," and said he was on his way to pick up some milk for his son. The officers then performed an inventory search and found the narcotics inside a backpack on the passenger's seat; the backpack sat on top of Gomez's cell phone. Both officers further testified during the inventory search, Officer Rodriguez had trouble opening the trunk and Gomez explained how to open the trunk by lifting a lever on the back seat.

Officer Rodriguez testified when he asked Gomez about the narcotics, Gomez told him the vehicle belonged to his friend Jeff, and Jeff sold drugs. According to the officers, Gomez told them Jeff was staying at a hotel, and he borrowed Jeff's vehicle to buy some milk for his son. Both officers testified they were unable to trace the vehicle registration to Jeff, and there was nothing in the vehicle indicating whether Jeff owned it or who owned it. According to Officer Rodriguez, it was common for drug dealers to use another person's vehicle "to go make their drops."

Gomez argues this evidence is insufficient because nearly all the factors show he was unaware contraband was in the vehicle he had borrowed. He argues the evidence only establishes he was the sole occupant of the vehicle where the officers found the contraband, and his mere

presence is insufficient to support an inference of possession. However, "the absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present." *Jones v. State*, 466 S.W.3d 252, 260 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (internal quotation marks omitted).

Here, the evidence establishes Gomez was not only in the presence of contraband, but he was also within reach of the backpack containing the contraband, and the backpack was sitting on top of his cell phone. *See Ruiz v. State*, No. 04-18-00942-CR, 2019 WL 4280068, at *2–*3 (Tex. App.—San Antonio Sept. 11, 2019, no pet.) (mem. op., not designated for publication) (affirming conviction of possession when evidence showed, among other things, case containing methamphetamine was easily within defendant's reach despite no evidence defendant owned vehicle); *Via v. State*, No. 01-18-00182-CR, 2019 WL 1474157, at *7 (Tex. App.—Houston [1st Dist.] Apr. 4, 2019, no pet.) (mem. op., not designated for publication) (affirming conviction of possession when evidence showed, among other things, defendant driver had access to and control over enclosed space where methamphetamine was found). It is also undisputed Gomez had the right to possess the vehicle he was allegedly borrowing, and there was evidence Gomez was familiar with the vehicle and how to open the trunk.

We therefore conclude the logical force of this evidence could have caused a rational jury to infer Gomez placed the backpack on top of his cell phone in the passenger seat next to a handgun tucked between the driver's seat and the console. *See Evans*, 202 S.W.3d at 166. Thus, when viewing the evidence in the light most favorable to the judgment of conviction, we conclude a rational jury could have determined Gomez knowingly and intentionally possessed the contraband. *See Tate*, 500 S.W.3d at 413. Gomez's sole issue is overruled.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish